**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABRAM G. FAREG, | No.    18-72490 |
| Petitioner, | Agency No. A206-909-522 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 7, 2020
Pasadena, California

Before:  OWENS and LEE, Circuit Judges, and EZRA,** District Judge.

Abram G. Fareg, a native and citizen of Egypt, petitions for review of the

Board of Immigration Appeals' ("BIA") denial of his applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

The BIA affirmed the Immigration Judge's ("IJ") adverse credibility determination

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

on three grounds: (1) an inconsistency in the testimonies regarding the first response after an attack; (2) an inconsistency in the testimonies regarding when Fareg left the family home; and (3) a finding that Fareg had a preconceived intent to come to the United States. We review adverse credibility determinations under a substantial evidence standard. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). As the parties are familiar with the facts, we do not recount them here. We grant the petition for review and remand.

The inconsistency regarding the first response post-attack is trivial. "[A]n adverse credibility finding must be based on more than an innocent mistake . . . 'to avoid premising [the] finding on an applicant's *failure to remember* non-material, trivial details[.]'" *Singh v. Holder*, 643 F.3d 1178, 1180-81 (9th Cir. 2011) (citation omitted). Inconsistencies that do not enhance claims of persecution are minor and generally have "no bearing on credibility." *Iman v. Barr*, 972 F.3d 1058, 1068 (9th Cir. 2020) (citation omitted). Not only is there a possibility that the IJ and BIA mischaracterized what Fareg meant when he said he went to the doctor "immediate[sic] afterwards," but whether he first went to the doctor or contacted the neighbor is insubstantial. Although Fareg did suffer bruises and a broken arm, he did not allege life threatening injuries that required immediate attention. The first response is thus a "peripheral detail[]," *Singh*, 643 F.3d at 1181, that does not enhance his claim and has "no bearing on [his] credibility,"

2

*Iman*, 972 F.3d at 1068.

When Fareg left his home is also trivial. "[M]inor discrepancies in dates that . . . cannot be viewed as attempts by the applicant to enhance his claims of persecution have no bearing on credibility." *Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011) (citation omitted). Here, the difference is a matter of days. What matters is that Fareg left before the following Friday, which is when the men threatened to come back and kill him.

The BIA's only remaining ground is that Fareg had a preconceived intent to come to the U.S. "[S]peculation and conjecture cannot form the basis of an adverse credibility finding[.]" *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1093 (9th Cir. 2014) (citation omitted). It is quite a speculative leap to find Fareg incredible based solely on the fact that he filed one U.S. visa application before any incident of harm.

A party must be given an opportunity to explain any perceived inconsistencies. *See Perez-Arceo v. Lynch*, 821 F.3d 1178, 1184 (9th Cir. 2016) (finding an inconsistency cannot support a negative credibility determination when the IJ did not ask petitioner about the inconsistency). As discussed above, even if Fareg had been given an opportunity to explain, the inconsistencies relied upon by the BIA are insufficient under a substantial evidence standard. On remand, the BIA and IJ should ensure that Fareg is given an opportunity to explain any other

inconsistencies material to the analysis.

**PETITION FOR REVIEW GRANTED AND REMANDED**.